WHITE SWAN MINES CO., Limited, v. BALLIET et al.

(Circuit Court, S. D. Iowa, C. D. February 10, 1905.)

JURISDICTION OF FEDERAL COURTS—DIVERSITY OF CITIZENSHIP—FORMAL PARTIES.

To a bill in a federal court seeking to establish a trust in favor of complainant corporation in money alleged, in effect, to have been embezzled from it by one of its officers, and deposited by him with defendants, by whom it is still held, such officer is not an indispensable party, but, if joined, is only a formal party, whose presence will not defeat the jurisdiction of the court, although he is a citizen of the same state as complainant; the requisite diversity of citizenship being shown between complainant and the other defendants.

[Ed. Note.—For cases in point, see vol. 13, Cent. Dig. Courts, § 857.

Diverse citizenship as ground of federal jurisdiction, see notes to Shipp v. Williams, 10 C. C. A. 249; Mason v. Dullagham, 27 C. C. A. 298.]

In Equity. On demurrer for want of jurisdiction.

Berryhill & Henry, for complainant.
Carr, Hewitt, Parker & Wright, for defendants.

McPHERSON, District Judge. That this court is one of limited jurisdiction need only be stated, without argument, and without citation of any of almost innumerable authorities; and it can be said with like emphasis that in doubtful cases the doubt is to be solved against jurisdiction being entertained. While there are nearly thirty distinct classes of cases in which this court will take jurisdiction, there are but two classes comprising nearly all of the cases that come before United States courts: The one involves what is called a "federal question"—cases presenting questions under treaties, a federal statute, or a provision of the federal Constitution. As there is no sort of claim that this case is by reason of a federal question, it merits no discussion. The other class of cases so frequently arising is that of diverse citizenship, and plaintiff claims the case at bar to be of that class. To be such a case, the following must be present: (1) It must be a case of a civil nature; (2) $2,000 in value must be in controversy; (3) the plaintiff must be a citizen of one state, and all the defendants of one or more other states. In the case at bar, plaintiff is a citizen of California; that is to say, it is a corporation organized under the laws of that state. Defendants Whisenand and the bank are citizens of Iowa. But defendant Balliet is a citizen of California. So that plaintiff and one defendant are citizens of the same state. And the jurisdiction of this court depends upon the question as to whether Balliet is only a formal party, because the authorities are that the plaintiff has the right to join a person as defendant, who is a citizen of California, provided such person is a formal party only. But if such person is a necessary party or an indispensable party, then such joinder defeats the jurisdiction of this court. Therefore the question is, shall Balliet be considered a formal party only, or shall he be held to be either a necessary or indispensable party? The defendants Whisenand and the bank, by demurrer to the bill, insist that Balliet is both a necessary and indispensable party. Another but equally certain way to state the case is, can this court grant a decree without the presence of Balliet?

The bill charges the following as facts: From March, 1900, to March, 1904, Balliet was treasurer and general manager and a director of the complainant corporation, and from March, 1900, to March, 1902, he was secretary, and from March, 1902, to March, 1904, president, of the company. In May, 1902, in the District Court of this district, Balliet was convicted of a crime, and a judgment and sentence rendered against him. He sued out a writ of error to the Circuit Court of Appeals for this circuit to reverse said judgment, and gave a bond in penalty of $2,500, with defendant Whisenand as his surety. To protect his surety, Balliet took $2,500 of the moneys of the corporation, and in which he had no interest, and deposited the same in the defendant bank to the credit of Whisenand, the manager and cashier of the bank, which money is still in the hands and under the control of the bank and Whisenand. The deposit of said money with Whisenand was against public policy, and Whisenand has no interest therein. The prayer is that said fund be declared a trust fund, and that the bank and

Whisenand be decreed to hold it in trust for complainant. The bill does not allege what became of the writ of error. But as judge of the District Court, I know the said judgment was reversed, since which time Balliet pleaded guilty, and is now undergoing his sentence. Whether, as acting judge of this court, I take judicial notice of such fact, I do not stop to inquire. Nor is it necessary.

On this point the bill alleges (1) that, as such officer, Balliet appropriated said money; (2) that the money was the property of the corporation; (3) he has never accounted for the same, or any of it. The meaning of all which is that Balliet embezzled the money, and that the bank and Whisenand now have it, and that it belongs to complainant. Of course, I am only speaking of what the bill charges. And if those charges are true, then the question is, is the embezzler either a necessary or indispensable party in an action to recover the money from one having possession and without right? If Balliet had had any ownership in the money, or if he had had the right to use it as his own, and had deposited it with Whisenand, then Whisenand could surrender it only to Balliet, or on his order; and, before the court could otherwise order, both Balliet and Whisenand should be before the court. But under the allegations of the bill, Balliet never owned it. He had no right whatever to use it for his personal ends. I can read the bill in no other way than that Balliet embezzled the money, and that he has no right whatever to any of the money. And if one embezzles or steals my money, and I can trace it to another, who at least no longer holds for a consideration, I cannot believe that, to obtain a recovery, I must join the embezzler as a defendant. It may be that it is proper to join Balliet as a formal party. But I conclude that the case can go to decree without the presence of Balliet. And if the case, on answer and the evidence, should result in a decree in favor of plaintiff, Balliet, after notice to defend for Whisenand, could not recover from him. Of course, there are no allegations that Whisenand or the bank knew whose money it was, and neither is subject to the slightest criticism for having received it. But that does not stand in the way of a recovery against them if the allegations of the bill shall be sustained by the evidence.

The demurrer will be overruled.